```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS
```

**MIGUEL A. MORALES,**       )
                             )
        **Plaintiff,**       )
                             )
        v.               )
                             )   CIVIL ACTION No.
                             )   13-12754-NMG
**MASSACHUSETTS PARTNERSHIP FOR**   )
**CORRECTIONAL HEALTHCARE, et**     )
**al.,**                           )
                             )
        **Defendants.**

## MEMORANDUM AND ORDER

**GORTON, J.**

## BACKGROUND

On October 25, 2013, Miguel A. Morales ("Morales"), an inmate incarcerated at the Souza Baranowski Correctional Center, filed a civil rights complaint concerning his unsuccessful efforts to secure medical marijuana and alcohol as part of his religious practice (Wicca) to manage his physical pain. See Docket No. 1.

By Order dated January 2, 2014, Morales was permitted to proceed in forma pauperis and was assessed an obligation to make payments towards the filing fee. See Docket No. 6. The Order outlined the legal impediments to Morales' claims. Id.

Morales was advised that the named defendants[1] were not proper defendants in a Section 1983 action and that his complaint failed to allege facts sufficient to establish deliberate

---

[1]The complaint identifies the following two defendants: (1) the Massachusetts Department of Correction, and (2) the Massachusetts Partnership for Correctional Healthcare.

1

indifference to his serious medical need based on the denial of medical marijuana. As to plaintiff's RLUIPA claim, he was advised that the complaint failed include any plausible facts because the failure to be provided with marijuana is not shown to substantially burden plaintiff's exercise of a religious belief. Finally, plaintiff was advised that he had no actionable claims under Title 18 of the United States Code.

In light of this, Morales was granted forty-two days either to file an amended complaint or show cause why this action should not be dismissed. Morales' response was due by February 13, 2014. On January 17, 2014, Morales filed a motion for oral argument. See Docket No. 9. In his motion for oral argument, Morales explains "that he believes the best way for [Morales] to respond is by [being] present] in Court and showing, if not providing, physical evidence that supports his claim." See Docket No. 9. He also filed two notices arguing that his constitutional rights concerning consensual social interaction and procreation are being violated. See Docket Nos. 10, 11.

Although the Court did not rule on Morales' motion for oral argument, he filed five motions in the two months following the Court imposed deadline. See Docket Nos. 12-16.

Despite the fact that these motions were not timely filed, the Court has considered the untimely motions. In his motion to answer, Morales seeks a default judgment for defendants failure to respond to his complaint. See Docket No. 12. In the first motion for automatic and declaratory judgment, plaintiff explains that he has been placed in disciplinary detention, and complains,

2

among other things, that the defendants failed to answer the summons served in other civil actions [C.A. Nos. 13-11977-FDS and 13-12423-FDS].  See Docket No. 13.  In the second motion for automatic and declaratory judgment, plaintiff challenges, among other things, the regulations prohibiting inmates from possessing material that features nudity and explicit sexuality.  See Docket No. 14.  In the third motion for automatic and declaratory judgment, plaintiff again argues that his religious rights as a Wiccan are being violated, particularly concerning the restrictions against pornography.  See Docket No. 15.

Finally, plaintiff moves to join unidentified parties and requests injunctive relief based upon the alleged violation of rights under the Establishment Clause when the defendants enforce a separation of the sexes and Judeo-Christian tenets.  See Docket No. 16.

## DISCUSSION

Morales has failed to show cause why this action should not be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A.  Morales' notices and motions do not address the legal impediments previously noted by this Court in the January order.  See Docket No. 6.  Although Morales seeks oral argument, the Court believes that oral argument is not necessary in this case.  See L.R. 7.1(D) (stating that a party that "wishes to be heard shall include a request for oral argument in a separate paragraph of the motion"); L.R. 7.1(F) (stating that motions "that are not set down for hearing" will be decided on the papers

submitted").

This Court finds that Morales' pleadings are insufficient to permit this action to proceed and that no further opportunity to amend or show cause is necessary. Accordingly, this case will be DISMISSED in its entirety for failure to comply with the Court's directives as contained in the Order (Docket No. 6) and for all of the substantive reasons discussed therein.

CONCLUSION

Based on the foregoing, it is hereby Ordered that this action is DISMISSED in its entirety. The Clerk shall terminate all pending motions.

**So ordered.**

                                           /s/ Nathaniel M. Gorton  
                                          Nathaniel M. Gorton  
                                          United States District Judge

Dated September 25, 2014